

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Stansell Bryan
District Attorney
McLennan County
Waco, Texas

Dear Sir:

Opinion No. O-5852
Re: Does Article 4476A, R.C.S.
Sec. 2(e) support a com-
plaint against a person
who sells a used mattress
which has been subjected
as a whole to a steriliza-
tion process? And other
related questions.

　　　Your request for an opinion on the above stated
question has been received by this department.

　　　Your letter reads, in part, as follows:

　　　"1.　Does Article 4476A being Chapter 3A
of Title 71 of the Revised Statutes of the State
of Texas (Acts of the 46th Legislature, 1939,
p. 376) support a complaint against a person who
sells in this County a previously used mattress
without attaching a tag as provided by (e) of
Section 2 of said Article 4476A, which such per-
son has subjected to a heat sterilization pro-
cess, the mattress as a unit passing through the
sterilization process and neither the covering
nor any part of the structural nature of the mat-
tress being disturbed in the process?

　　　"2.　Does Article 4476A being Chapter 3A of
Title 71 of the Revised Statutes of the State of
Texas (Acts of the 46th Legislature, 1939, p.376)
support a complaint against a person who manufac-
tures in McLennan County, Texas, for resale a

ATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASS

Honorable Stansell Bryan, Page 2

mattress which contains second-hand material without attaching to such mattress a tag as provided by (e) of Section 2 of said Article 4476A?

"3. Does Article 4476A being Chapter 3A of Title 71 of the Revised Statutes of the State of Texas (Acts of the 46th Legislature, 1939, p. 376) support a complaint against a person who manufactures in McLennan County, Texas, for sale, a mattress without attaching thereto a tag provided by (a) of Section 2 of said Article 4476A?

"  . . . .

"It will be observed that (a) of Section 2 of Article 4476A wholly fails to define any particular act which shall constitute an offense and fails to designate any particular person whose act would constitute a violation. There is nothing in the Act that makes the manufacture or sale or possession of an article of bedding devoid of the required tag, a violation under Section 9.

"What has been stated above applies also to (e) of said Section 2 of Article 4476A. This subdivision is slightly more definite in that the expression is used 'Every article of bedding manufactured for resale', but there is no provision that constitutes the act of manufacture or the act of reselling, or the act of having in one's possession, an offense.

"  . . . .

"(b) of Section 9 provides that each day of violation shall constitute a separate offense, and it is manifest at once that there is no provision in the statute that would indicate what is meant by 'day of violation'.

"  . . . . "

Honorable Stansell Bryan, Page 3

Sec. 2(e) of Article 4476a, Vernon's Annotated Civil Statutes, provides:

"Every article of bedding manufactured for resale containing second-hand material, shall bear, securely sewn thereto on all four sides of the tag, attached to both sides of the article of bedding, a substantial white cloth tag four (4) by eight (8) inches in size, upon which shall be indelibly stamped or printed in red ink, in the English language, in plain type not less than one-half (1/2) inch in height, stating: 'second-hand material'."

Webster's International defines the verb "manufacture" as "to make by hand, by machinery, or other agency."

In a similar situation it was held in City of Louisville vs. Ewing Vol-Allmen Dairy Co., 105 S.W. (2d) 801, 268 Ky. 652 that:

"A corporation engaged in pasteurizing raw milk was not engaged in 'manufacturing' . . . . since no new product was created and only milk remained after the pasteurizing process."

In view of the process described in your letter, in which the bedding, as a whole, passes through the process with neither the covering nor any part of the structural nature of the mattress being disturbed, and in answer to your first question, as stated above, you are respectfully advised that Section 2(e) will not support a complaint under your described process.

Your second and third questions are answerable in the affirmative.

Art. 4476a reads, in part, as follows:

"(a) The term 'bedding' as used in this Act shall mean mattresses, pillows, bolsters, feather beds and other filled bedding of any description."

Honorable Stansell Bryan, Page 4

"Sec. 2. Labelling of Bedding Required:

"(a) All bedding shall bear securely attached thereto and plainly visible, a substantial white cloth tag upon which shall be indelibly stamped or printed with black ink, in the English language, a statement showing whether new materials or second hand materials have been used in filling such bedding, and type or grade of cotton and all other materials used in filling mattress to which attached when new materials are used, with approximate percentages when mixed; what germicidal treatment, if any, has been applied to the materials or to the bedding; the date of such germicidal treatment, the number of the permit of the person manufacturing the bedding; and the number of the permit of the person applying such germicidal treatment, if any.

"(b) The terms used on the tag to describe materials shall be restricted to those defined in the regulations of the Department, and no trade or substitute terms shall be used.

"(c) It shall be unlawful to make any false or misleading statements on the tag required by this section. It shall be unlawful for any person to remove, deface, alter, or cause to be removed, defaced or altered, any tag or statement contained thereon for the purpose of defeating any of the provisions of his Act. The placing of registration stamps required in Section 7 of this Act over any lettering on the tag, shall be construed to be defacement of the tag.

"(d) The size of the tag to be affixed to new bedding required by this section shall not be less than six (6) square inches, and the lettering thereon, covering the statement of filling materials, shall be in plain type not less than one eighth (1/8) inch in height.

"(e) Every article of bedding manufactured for resale containing second-hand material, shall

Honorable Stansell Bryan, Page 5

bear, securely sewn thereto on all four sides
of the tag, attached to both sides of the ar-
ticle of bedding, a substantial white cloth
tag four (4) by eight (8) inches in size, upon
which shall be indelibly stamped or printed in
red ink, in the English language, in plain type
not less than one-half (½) inch in height, stat-
ing: 'second-hand material.'

" . . . .

"Sec. 5. Enforcement of Act:

"The State Board of Health is hereby charged
with the enforcement of this Act, for the pro-
tection of health and to prevent the spread of
disease. It is further empowered, and its duty
shall be to make, amend, alter or repeal general
rules and regulations of procedure for carrying
into effect all the provisions of this Act, and
to prescribe means, methods, and practices to
make effective such provisions.

" . . . .

"Sec. 9. Penalties:

"(a) Any person, who shall be convicted of
violations of any of the provisions of this Act,
or of the rules and regulations established there-
under, shall be sentenced to pay a fine of not
less than Fifty Dollars ($50.00) nor more than
One Hundred Dollars ($100.00) for each offense.

"(b) Each day of violation shall constitute
a separate offense.

" . . . . "

An act should be given a fair, rational, reasonable
and sensible construction, considering its language and sub-
ject matter and with a view to accomplishing the legislative
intent and purpose. (Texas Juris. Vol. 39, p. 172, with au-
thorities cited therein.)

Honorable Stansell Bryan, Page 6

Section 2(a), supra, applies to "all bedding". Certainly a manufacturer of bedding would be on notice that an omission of the prescribed tag would be in violation of that section.

Section 2(a) and the definition of bedding in Section 1(a), supra, refer to the bedding after the manufacture or germicidal treatment. We conclude that upon the completion of manufacture or remanufacture, Section 2(a) becomes applicable and the prescribed tag is required to be placed thereon forthwith.

If the tag is omitted, or not as prescribed, Section 9, supra, provides the penalty for the "violation of any of the provisions of this Act." (Emphasis ours)

Section 2(e), supra, provides, "Every article of bedding manufactured for resale containing second hand material shall bear . . ." It is apparent that upon the completion of manufacture and if there is an intent to resell, an omission to place the prescribed tag thereon forthwith is in violation of that section and thereby punishable under Section 9.

It will be noted that bedding within Section 2(e) is also within Section 2(a) and that two different tags are required.

Under Section 2(a) and (e) the responsibility for a violation is personal by the express terms of Section 9, supra, and means the person or persons charged with the duty of attaching the tag.

In reference to "day of violation", it is our opinion that the Legislature intended an offense upon the failure to place the prescribed tag upon such bedding as above set forth, and that each day, or fractional part of a day, such failure continued would be a separate offense. By the word "day" is meant a "calendar day", or from midnight to midnight.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Fred C. Chandler_
Fred C. Chandler
Assistant

By _Elton M. Hyder, Jr._
Elton M. Hyder, Jr.

APPROVED APR 20, 1944

_Groom Sellers_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN

EMH:rr